IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| Anthony Gay,<br>    Plaintiff,<br>vs.<br>J.T. Key, Scott Gable and The City of Rock Island,<br> Defendant. | No. 2020CV4250 |

### Notification of Plaintiff's Violation of Agreed Protective Order
### and
### Request for Sanctions

    Come now the defendants, by and through counsel, and hereby give notice to the Court that the plaintiff has violated the agreed-upon protective order governing discovery in this action and request that this honorable Court will enter appropriate sanctions for the violation.

  1.  After the commencement of this action and before the parties exchanged initial R. 26 disclosures and other discovery, this honorable Court entered a protective order on August 10, 2021.

  2.  The defendants' initial R. 26(a)(1) disclosure (attached hereto) specifically stated in paragraph B.2. that "Body-worn camera and squad car videos are also designated CONFIDENTIAL."

  3.  The body-worn camera and squad car videos were provided to the plaintiff on a flash drive along with the City's other discovery responses.

  4.  Certain videos were also produced by the Rock Island Police Department to the plaintiff's former counsel in his pending criminal matter, The People of the United States

of America v. Anthony Gay, 20-CR-40026.

5. A single shortened video segment was filed with this court as an exhibit to the Defendants' resistance to the plaintiff's partial motion for summary judgment.

6. On January 13, 2022, the United States Attorney's office caused a subpoena seeking the videos to be served upon the City; the subpoena was referred to the Rock Island Police Department for response.

7. Apart from those disclosures, the videos have not been made available to any other person or entity.

8. The plaintiff appeared before the Rock Island City Council on June 28, 2021 to announce himself as the founder of "The Section 1983 Initiative." The video recording of that meeting is at https://youtu.be/FJzZfJvSG40; the plaintiff begins speaking at 10:18.

9. The Facebook page for the Section 1983 Initiative features a banner photograph of the plaintiff and lists the plaintiff's email address (anthonygay387@gmail.com) on that banner as its contact information.

10. On January 19, 2022, that Facebook page's January 14, 2022 post was recorded and the recording is filed herewith as an exhibit; the post includes squad car video produced in this action pursuant to the protective order. The text over the posted video, posted by the Section 1983 Initiative, reads: "I am asking all my family, friends and supporters to reach out to Rep Halpin at 309 558-3612 and ask that he reach out to Senator Durbin to have this officer J.T Key prosecuted."

11. The text under the video indicates that it was posted at 8:51 a.m., adding "Natalia Bogucka is with Andrew Blount and 78 others." The text below the posting information reads: "There is no rhyme or reason for this police officer to assault Anthony Gay while he is on his knees, in handcuffs and not resisting. Anthony spent 22 years in solitary confinement and came out fighting against injustice and this is how he continues to be treated!!! #rightingwrongfulconvictions #dismantlesolitaryconfinement

#section1983initiative #stoppolicebrutallity #istandwithanthonygay"

Wherefore, the Defendants respectfully request that this honorable court will enter an order imposing appropriate sanctions for the plaintiff's violation of the Court's protective order, including barring the plaintiff from using the video at trial, directing the plaintiff to remove the video from his and his supporters' Facebook accounts, enjoining the plaintiff from further violating the protective order, and such other and further relief as the court deems just and equitable in the premises.

        Respectfully submitted,
        The City of Rock Island,
        By: /s/ *David G. Morrison*

         David G. Morrison
         Hector Lareau
         Attorneys for the City of Rock Island

David G. Morrison
Hector Lareau
Attorneys for City of Rock Island
1515 4th Ave., Suite 301
Rock Island, IL 61201
Telephone: (309) 786-3313
Facsimile: (309) 764-0975
Email: morrison.david@rigov.org; lareau.hector@rigov.org

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| Anthony Gay,<br>   Plaintiff,<br><br>v.<br><br>J.T. Key,<br>Scott Gable,<br>and<br>The City of Rock Island,<br>   Defendants. | Civil Action No. 20-CV-4250 |

**RULE 26(A-1) DISCLOSURE**

Come now the defendants, the City of Rock Island, Officer J.T. Key, Officer Scott Gable, and the City of Rock Island, by and through their attorneys, Lead Counsel David G. Morrison and co-counsel Hector Lareau and provide the following disclosure pursuant to Fed.R.Civ.Pro.26(a)(1):

A. The names, addresses and telephone numbers of each individual likely to have discoverable information that the disclosing party may use to support its claim or defense, unless solely for impeachment identifying the subject of the information:

   1.    Officer J.T. Key, c/o City of Rock Island Police Department 316 16th Street, Rock Island, Illinois. (309) 732-2677. This witness has personal knowledge regarding his role assisting with control of the crime scene and interactions with the plaintiff and other persons present. The substance of his anticipated testimony includes but is not limited to the facts set forth in the reports produced herewith.

   2.    Officer Scott Gable, c/o City of Rock Island Police Department 316 16th Street, Rock Island, Illinois. (309) 732-2677. This witness has personal knowledge regarding his role assisting with control of the crime scene and interactions with the

plaintiff and other persons present. The substance of his anticipated testimony includes but is not limited to the facts set forth in the reports produced herewith.

    3.    Officer T. W. Nichols, c/o City of Rock Island Police Department 316 16th Street, Rock Island, Illinois. (309) 732-2677. This witness has personal knowledge regarding his role assisting with control of the crime scene and interactions with persons present. The substance of his anticipated testimony includes but is not limited to the facts set forth in the reports produced herewith.

    4.    Officer N. M. Pauley, c/o City of Rock Island Police Department 316 16th Street, Rock Island, Illinois. (309) 732-2677. This witness has personal knowledge regarding his role assisting with control of the crime scene and interactions with persons present. The substance of his anticipated testimony includes but is not limited to the facts set forth in the reports produced herewith.

    5.    Sgt. Connelly, c/o City of Rock Island Police Department 316 16th Street, Rock Island, Illinois. (309) 732-2677. This witness has personal knowledge regarding his role assisting with control of the crime scene and interactions with persons present; Sgt. Connelly also conducted a use of force review under the supervision of Lt. R. Landi, Deputy Chief Jason Foy, and Chief Jeffery VenHuizen. The substance of his anticipated testimony includes but is not limited to the facts set forth in the reports produced herewith.

    6.    Sgt. Meirsonne, c/o City of Rock Island Police Department 316 16th Street, Rock Island, Illinois. (309) 732-2677. This witness has personal knowledge regarding his role assisting with control of the crime scene and interactions with persons present. The substance of his anticipated testimony includes but is not limited to the facts set forth in the reports produced herewith.

    7.    Officer C. Smith, c/o City of Rock Island Police Department 316 16th Street, Rock Island, Illinois. (309) 732-2677. This witness has personal knowledge regarding

his role assisting with control of the crime scene and interactions with persons present. The substance of his anticipated testimony includes but is not limited to the facts set forth in the reports produced herewith.

    8.    Officer P.M. Miller, c/o City of Rock Island Police Department 316 16th Street, Rock Island, Illinois. (309) 732-2677. This witness has personal knowledge regarding his role assisting with control of the crime scene and interactions with persons present. The substance of his anticipated testimony includes but is not limited to the facts set forth in the reports produced herewith.

    9.    Officer R. T. May, c/o City of Rock Island Police Department 316 16th Street, Rock Island, Illinois. (309) 732-2677. This witness has personal knowledge regarding his role assisting with control of the crime scene and interactions with persons present. The substance of his anticipated testimony includes but is not limited to the facts set forth in the reports produced herewith.

    10.    Officer D.D. Johnson, c/o City of Rock Island Police Department 316 16th Street, Rock Island, Illinois. (309) 732-2677. This witness has personal knowledge regarding his role assisting with control of the crime scene and interactions with persons present. The substance of his anticipated testimony includes but is not limited to the facts set forth in the reports produced herewith.

    11.    Many non-police witnesses who were or may have been present during the subject events are identified in the reports produced herewith.

B. A copy of, or description by category and location of, all documents, data, compilations and tangible things that are in possession, custody or control of the party that the disclosing party may use to support its claim or defenses, unless solely for impeachment.

    1.    Reports and other materials are produced herewith, designated "Defendants R. 26," and numbered 001-030. All reports and other materials

containing categories of information described in the agreed protective order as confidential, are hereby designated CONFIDENTIAL.

    2.    Body-worn camera and squad car videos are also designated CONFIDENTIAL.

    C.    Computation of any category of damages claimed by the disclosing party making available for inspection and copying under Rule 34, the documents or other evidentiary material not privileged or protected from disclosure upon which such computation is based, including materials bearing the nature and extent of the injuries suffered.

    None. Investigation continues.

    D.    For inspection or copying under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse payments made to satisfy the judgments.

A certificate of liability insurance will be made available for inspection and copying.

Respectfully submitted,

\_\_\_\_/s/ *David G. Morrison*_____
\_\_\_\_/s/ *Hector Lareau*
David G. Morrison, Lead Counsel
Hector Lareau, co-counsel
Attorneys for Rock Island Police Officers JT Key and Scott Gable and the City of Rock Island

1515 4th Avenue, Suite 301
Rock Island, IL 61201

p. 309-786-3313
f. 309-786-7654
david@dgmorrisonlaw.com
hector@lareaulaw.com